# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GOVERNMENT ACCOUNTABILITY & OVERSIGHT<br>30 North Gould Street<br>Suite 12848<br>Sheridan, WY 82801<br><br>   Plaintiff,<br> v.<br><br>UNITED STATES DEPARTMENT OF ENERGY<br>1000 Independence Avenue, S.W.<br>Washington, D.C. 20585<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 24-cv-1957<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR EXPEDITED PROCESSING
## UNDER THE FREEDOM OF INFORMATION ACT

Plaintiff GOVERNMENT ACCOUNTABILITY & OVERSIGHT ("GAO"), for its Complaint against Defendant UNITED STATES DEPARTMENT OF ENERGY ("ENERGY" or "DoE"), alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*. in which the Plaintiff seeks judicial review of the DoE's failure to grant expedited processing related to one FOIA request. Plaintiff seeks all appropriate relief, including but not limited to declaratory and injunctive relief, as well as an order requiring DoE to immediately process and release agency records responsive to Plaintiff's request.

2. Plaintiff sought under FOIA certain described records of extraordinarily compelling and timely public and public-policy interest, following the Energy Department's failure to comply with the express terms of FOIA. Plaintiff established its entitlement to expedited processing, but DoE failed to grant Plaintiff expedited processing of its request.

1

## PARTIES

3. Plaintiff Government Accountability & Oversight ("GAO") is a nonprofit research, public policy and public interest educational center organized under the laws of the State of Wyoming. GAO is dedicated to education regarding responsible regulation and transparency in government, a key part of which is seeking public records illuminating how policymakers use public resources, with whom, and the veracity of their public assertions.

4. Defendant Department of Energy ("DoE" or "Energy") is a federal agency headquartered in Washington, DC, and it has possession and control over the records that Plaintiff seeks.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(6)(E)(iii) to review an agency's denial of requests for expedited processing.

6. The failure to make a lawful "determination" or to timely respond to a request for expedited processing is treated as a denial of expedited processing and subject to judicial review. 5 US.C. § (a)(6)(E)(iii).

7. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

8. Plaintiff has no obligation to further exhaust administrative remedies with respect to its request for "expedited processing" of its FOIA request to which Defendant has failed to respond. *See* 5 U.S.C. 5 U.S.C. § 552(a)(6)(E)(iii) ("[a]gency action to deny or affirm a denial of a request for expedited processing …shall be subject to judicial review[.]" See *also ACLU v. U.S. Dep't of Justice*, 321 F. Supp. 2d 24, 28 (D.D.C. 2004).

## PLAINTIFF'S FOIA REQUEST

9. On June 14, 2024, Plaintiff submitted by internet portal a FOIA request to Defendant seeking copies of any non-email, non-text message correspondence (as defined), sent to or from or

including any of three named senior officials over a critical three-day period (January 24, 2024 through January 26, 2024, inclusive; see *infra*), which messages/calendar invitations were sent to, from or which (also) copy or include any of three other named senior government officials.

10. As described further below, Plaintiff also sought expedited processing and provided more than adequate reasons therefore. *See also* Exhibit A.

11. Further relevant to the need for timely production of the records at issue here is that, as Plaintiff set forth in its request (citations omitted):

    "Regarding the particular urgency to inform the public about the government activity involved in records responsive to this request, beyond the public's right to know about government activity generally, Requester certifies to the best of its information and belief that DoE produced a LNG export study in 2023—announced in January 2024—which 2023 report senior political officials then buried, keeping it from the public's view as the current administration sought to engineer a "pause" of liquified natural gas (LNG) exports, which it did as part of a major media rollout in January 2024. This reversal, following a political pressure campaign underwritten by substantial, ideological donors, was made purportedly so as to study the macroeconomic outcomes under various LNG export scenarios, including the impact on emissions, the domestic economy, natural gas prices, jobs, etc, which, Requester states on information and belief, was what the 2023 report assessed but which answers the administration did not find helpful. In response to a strong negative domestic and international reaction to this policy reversal the administration indicated it would conclude this "pause" by the end of last month, which has now come and gone.  The engineered "pause" had and continues to have major geopolitical and economic consequences of great national and international interest."

12. A national media outlet last week reaffirmed the public and national interest in, and timeliness and significance of, the information at issue here. Given Russia's invasion of Ukraine, the latter does not intend to renew a soon-to-expire, five-year transit agreement for Russian gas supplies to move to Ukraine and through to Europe; the United States is able and offering to help fill the resulting vacuum of supply, which is of critical importance to tens or hundreds of millions of people and poses further geopolitical insecurity. U.S. suppliers have

3

begun entering agreements with Ukrainian counterparts "to support near to medium term energy security needs for Ukraine and the broader Eastern European region," including an agreement to export from a Louisiana facility underway called CP2:

> Yet there's a big hitch: CP2 is ensnared in the Administration's moratorium on new LNG export projects…
>
> In January Mr. Biden surrendered to an army of TikTokers by halting permits for new LNG export projects, supposedly while the Energy Department studies their environmental impact...[1]

13. Given Russia's invasion of Ukraine, there will be renewal of a soon-to-expire, five-year transit agreement for Russian gas supplies to move to and through Ukraine to Europe; the United States is able and offering to help fill the resulting vacuum of supply, which is of critical importance to likely hundreds of millions of people. Non-delivery of gas would pose yet further geopolitical insecurity.

14. Earlier this month a national media outlet reaffirmed the public and national interest in, and timeliness and significance of, the information at issue here, which further illustrates the need for timely processing and release of the records at issue as described, *supra*. U.S. suppliers are seeking "to support near to medium term energy security needs for Ukraine and the broader Eastern European region," to export from facilities some of which are "ensnared in the Administration's moratorium on new LNG export projects… In January Mr. Biden surrendered to an army of TikTokers by halting permits for new LNG export projects, supposedly while the Energy Department studies their environmental impact...[2]

---

[1] Editorial, "Biden's LNG Export Pause Hits Ukraine: Kyiv's deal with a major U.S. supplier faces a White House obstacle," Wall Street Journal, June 12, 2024, https://www.wsj.com/articles/ukraine-dtek-lng-deal-biden-administration-russia-energy-e93c0f23?mod=opinion_lead_pos3.

[2] Editorial, "Biden's LNG Export Pause Hits Ukraine: Kyiv's deal with a major U.S. supplier faces a White House obstacle," Wall Street Journal, June 12, 2024,

15. As Plaintiff's request noted on information and belief, the administration had in fact conducted a study on these issues in 2023 but, after the study's transmittal to the Office of Fossil Energy, suppressed its contents due to the conclusions reflected therein.

16. The requested records cover the three specific days before, of and after the announced "pause," and will contribute to public understanding of this decision to reverse United States policy on LNG exports, a reversal ordered purportedly to allow study of an issue that, Plaintiff states on information and belief, had already been the subject of extensive and recent study. Moreover, the Government possesses a report which yielded conclusions that would not justify this major policy reversal being demanded by politically active constituencies and pressure groups.

17. The information sought is plainly public information subject to release under FOIA, and of great public interest.

18. Plaintiff requested expedited processing and set forth in detail the basis for granting expedited processing, with numerous of the factors weighing in favor of expedited processing highlighted in yellow, certifying under penalty of perjury these assertions were true and correct to the best of requester's knowledge. A true and correct copy of Plaintiff's request is attached hereto as Exhibit A and is incorporated by reference herein.

19. On June 14, 2024, Defendant acknowledged the request and assigned it request number HQ-2024-02254-F, stating that someone would contact requester at some later time with some information or another.

---

https://www.wsj.com/articles/ukraine-dtek-lng-deal-biden-administration-russia-energy-e93c0f23?mod=opinion_lead_pos3.

20. To date, this June 14, 2024 acknowledgement letter is the sole correspondence requester GAO has received from DoE.

21. Defendant has failed to make its required determination or timely address the request for expedited processing, and thereby has constructively denied, Plaintiff's request for expedited processing.

22. By its inaction and failure to promptly process the request or make a determination on Plaintiff's request for expedited treatment, Defendant has denied Plaintiff its statutorily required determination and has effectively denied Plaintiff expedited processing of its request.

23. Defendant's FOIA regulations, found at 10 CFR § 1004.5 (d)(6), state, in pertinent part,

> "Requests will be processed out of order and processed as soon as practicable when it is determined, based upon information supplied by the requester or otherwise known to the DOE, that a compelling need exists to provide the records in an expeditious manner. The FOIA states that a compelling need exists when… a request is submitted by a person primarily engaged in disseminating information and there is an urgency to inform the public about actual or alleged Federal Government activity."

24. Defendant's FOIA regulations further state, *inter alia*:

> "A determination to grant or deny a request for expedited processing will be made by the appropriate FOIA Officer within ten days after receipt of the request. The requester will be notified of the determination and informed that any denial may be appealed within 90 calendar days to the Office of Hearings and Appeals." *Id*. at §1004.5(d)(7).

25. DoE owed Plaintiff this determination on Plaintiff's request for expedited processing no later than July 1, 2024.

26. Notwithstanding its legal obligations, DoE has provided no substantive response or "determination" with respect to any aspect of the request other than to acknowledge the request.

27. DoE is now past its statutory period for issuing such a determination on the above-described request for expedited processing without providing any substantive response to Plaintiff's request in violation of its obligations under FOIA.

28. "FOIA language 'clearly indicates that judicial review is appropriate at either of two moments: when the agency has denied a request for expedited processing, or when the agency has, upon administrative appeal, affirmed the denial of such a request'." *Citizens for Resp. & Ethics in Wash. v. Dep't of Justice*, 436 F. Supp. 3d 354, 359 (D.D.C. 2020), citing *Al-Fayed v. CIA*, No. 00-2092, 2000 WL 34342564 (D.D.C. Sept. 20, 2000). Also, "Plaintiff is not required to pursue an administrative appeal before seeking judicial review of its request for expedited processing of a FOIA request." *Id*. citing *Elec. Privacy Info. Ctr. v. Dep't of Defense* , 355 F. Supp. 2d 98, 100 n.1 (D.D.C. 2004).

## FIRST CLAIM FOR RELIEF
## Duty to Provide Expedited Processing

29. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

30. Plaintiff has sought expedited processing of its request pursuant to Defendant's expedited processing regulations and was wrongfully denied both expedited processing and also the required "determination."

31. Plaintiff has established that it is media outlet for FOIA purposes and that it is primarily engaged in the dissemination of information.

32. Plaintiff has established that its request pertains to Government activity.

33. Plaintiff has established that there is an urgency to inform the public about this Government activity and that it, as a media outlet, is in a position to do so.

34. Plaintiff has a "compelling need" because it is primarily engaged in disseminating information, and the information requested has more value at the present moment than it will in the future, for reasons set forth above and in Plaintiff's request which is attached hereto as Exhibit A.

35. Defendant's constructive denial of Plaintiff's request for expedited processing was not in accordance with the law and does not satisfy DoE's obligations under FOIA.

36. Plaintiff is not required to further pursue administrative remedies.

37. Plaintiff asks this Court to enter a mandatory injunction ordering that the Defendant process the request at issue herein on an expedited basis.

38. Plaintiff asks this Court to enter a judgment declaring that:

    a. Plaintiff was entitled to a determination on its request for expedited processing by July 1, 2024, and Defendant failed to provide it;

    b. Plaintiff is entitled to have its FOIA request, as described above, processed under the Energy Department's expedited track;

    c. The Department of Energy's denial of Plaintiff's request for expedited processing was not in accordance with the law and does not satisfy the DoE's obligation under FOIA;

    d. DoE must now place Plaintiff's request, as described above, in its expedited processing track.

**SECOND CLAIM FOR RELIEF**
**Costs And Fees**

39. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

40. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any FOIA case in which the complainant has substantially prevailed.

41. This Court should enter an injunction or other appropriate order requiring the Defendant to pay reasonable attorney's fees and other litigation costs reasonably incurred in this case.

## PRAYER FOR RELIEF

Plaintiff respectfully requests this Court:

1. Assume jurisdiction in this matter, and maintain jurisdiction until the Defendant complies with FOIA and every order of this Court;

2. Declare Defendant has violated FOIA by failing to provide Plaintiff with the requested records on an expedited basis, and/or by failing to timely respond to the request for expedited processing;

3. Order Defendant to expeditiously provide the requested records to Plaintiff within 20 business days of the Court's order and without cost to the Plaintiff;

4. Award Plaintiff's attorneys their fees and other litigation costs reasonably incurred pursuant to 5 U.S.C. § 552(a)(4)(E); and

5. Grant such other relief as this Court deems just and proper.

Respectfully submitted this the 3rd day of July, 2024,

> GOVERNMENT ACCOUNTABILITY & OVERSIGHT
> By Counsel:
>
> /s/Matthew D. Hardin
> Matthew D. Hardin, D.C. Bar No. 1032711
> Hardin Law Office
> 1725 I Street NW, Suite 300
> Washington, DC 20006
> Phone: (202) 802-1948
> Email: MatthewDHardin@protonmail.com
>
> s/Christopher Horner
> Christopher Horner, D.C. Bar No. 440107
> Max Will, PLLC
> 1725 I Street NW, Suite 300
> Washington, DC 20006
> Phone: (202) 262-4458
> Email: Chris@CHornerLaw.com